IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

ANDREW WALKER, :
:
    Petitioner :
: CIVIL NO. 4:10-CV-0625
:
v. : (Judge McClure)
:
WARDEN CRAIG A. LOWE, :
:
    Respondent :

## **MEMORANDUM and ORDER**

May 26, 2010

Petitioner Andrew Walker ("Petitioner" or "Walker"), a detainee of the United States Immigration and Customs Enforcement ("ICE") Office, who is confined at the Pike County Correctional Facility in Lords Valley, Pennsylvania, initiated this action by filing a petition for writ of habeas corpus ("petition") pursuant to the provisions of 28 U.S.C. § 2241. (Rec. Doc. No. 1.) Walker challenges his continued detention by ICE under *Zadvydas v. Davis*, 533 U.S. 678 (2001) pending his removal from the United States to Jamaica, and seeks his immediate release from custody under any conditions this Court deems appropriate.

In accordance with this Court's March 23, 2010 Order (Rec. Doc. No. 3), Respondent filed a response to the petition (Rec. Doc. No. 6) and supporting documents (Rec. Doc. Nos. 6-2, 6-3) on April 13, 2010. Although Walker was invited

to file a reply brief within fourteen (14) days from the date of the filing of the response (*see* Rec. Doc. No. 3 at 2 ¶ 5), no reply brief has been filed. Accordingly, the petition is ripe for review. For the reasons set forth below, the petition will be denied.

**I.     Factual Background**

Walker claims in his petition that he is a citizen and native of Jamaica who entered the United States in 2000 through Miami International Airport and flew to New York City the next day, having been permitted to enter the United States through LaGuardia Airport with a B-1 visitor visa. (Rec. Doc. No. 1 at 2[1].) Although it is clear that Walker is a native of Jamaica (*see* Rec. Doc. No. 6-2 at 3, Notice to Appear), immigration officials were unable to confirm Walker's legal admission into the United States or the issuance of a visa to him (*see id.* at 7, Record of Deportable/Inadmissible Alien.)

Walker first was encountered by an agent of the ICE Detention and Removal Office on September 11, 2007 at the Westchester County Jail in New York State. (*See id.*) At that time, Walker was booked on charges of criminal possession of a weapon, criminal possession of marijuana, and criminal sale of marijuana. (*See id.*) As

---

[1]Citations to page numbers refer to the page number on the CM/ECF electronic record.

revealed by a statement given by Walker contained in his criminal records, he conspired to provide his residence where his children and his children's mother resided for the unlawful sale of marijuana. (*See* Rec. Doc. No. 6-3 at 1-4, Records of Criminal Conviction.) According to Walker's statement, the prospective purchasers arrived while his children and his children's mother were at the residence. (*See id.*) The prospective purchasers drew firearms and robbed Walker and his coconspirator. (*See id.*) Walker was provided a firearm and chased after the individuals that robbed him. (*See id.*) He returned to his residence, but then left out of a window. (*See id.*) He sustained a foot injury while attempting to use a ladder to climb down the side of his apartment building and was then captured by police. (*See id.*)

On April 17, 2008, Walker entered a guilty plea to attempted criminal possession of a loaded firearm. (*See* Doc. 6-2 at 16, Records of Criminal Conviction.) He was sentenced to a term of imprisonment of two (2) years followed by an eighteen (18) month term of supervised release. (*See id.*)

Walker previously was convicted on March 7, 2006 in Orange County, New York of unlawful possession of marijuana. (*See id.* at 16-17.)

On September 12, 2007, ICE issued a Notice to Appear charging Walker with removability under Section 212(a)(6)(A)(I) of the Immigration and Nationality Act ("INA") on the basis that he is an alien present in the United States without having

been admitted, and under Section 212(a)(2)(A)(i)(II) of the INA on the basis that he is an alien convicted of violating a law relating to a controlled substance. (*See id.* at 5, Notice to Appear.) Walker was served with the Notice to Appear on August 5, 2008. (*See id.* at 4.)

On July 13, 2009, an Immigration Judge issued an order granting Walker's application for voluntary departure until August 12, 2009. (*See id.* at 9, 7/13/09 Order of the Immigration Judge.) Walker subsequently was granted an extension of his voluntary departure until September 11, 2009. (*See id.* at 10, EARM Case Actions & Decisions Log; at 11, 3/15/10 Decision to Continue Detention.) Because Walker failed to depart the United States by September 11, 2009, his voluntary departure was converted to an administratively final order of removal effective September 12, 2009. (*See* Rec. Doc. No. 6-2 at 10; Rec. Doc. No. 6-2 at 11; Rec. Doc. No. 6-2 at 12, HQ POCR Checklist for 241.4 Reviews.)

Since September 5, 2009, immigration officials have contacted the Jamaican Consulate on five (5) occasions in an effort to obtain a travel document for Walker. (*See* Rec. Doc. No. 6-2 at 12.) ICE was informed that a travel document will be provided when a valid birth certificate is produced. (*See id.*) Walker's family submitted a birth certificate to the Jamaican Consulate in New York that was deemed to be fraudulent. (*See id.*) Immigration officials submitted a request to the ICE

Attaché in Kingston, Jamaica to obtain a birth certificate.  (*See id.*)  As of the date of the filing of the response to the petition on April 13, 2010, a valid birth certificate had not yet been produced.  (*See* Rec. Doc. No. 6 at 5.)

On March 10, 2010, six (6) months after the Immigration Court's Order granting Walker voluntary departure became an administratively final order of removal, Walker's case was transferred to ICE's Headquarters Custody Management Unit ("HQMCU").[2]  (*See* Rec. Doc. No. 6-2 at 12.)  On March 15, 2010, Kenneth C. Smith, Acting Chief of HQCMU, issued a Decision to Continue Detention.  (*See id.* at 11, Decision to Continue Detention.)  The Decision contains the following explanation:

> You are a native and citizen of Jamaica, who entered the United States at an unknown place on an unknown date without being inspected or admitted by an Immigration Officer.  You were convicted of the following offenses: Criminal possession of Marijuana on March 7, 2006 and Attempted Criminal Possession of a Weapon (firearm) on April 17, 2008.  You were then placed in removal proceedings before an Immigration Judge (IJ).  You were granted a Voluntary Departure, (VD) by the IJ on July 13, 2009 until August 12, 2009.  You were then granted an extension to your VD until September 11, 2009.  You failed to depart the United States by September 11, 2009.  Your VD was subsequently converted to a final order of removal.

---

[2]The HQCMU is on the same administrative level and performs the same custody reviews as the Headquarters Post Order Detention Unit ("HQPDU").  *See Tung Thanh Hoang v. Decker,* Civil No. 3-CV-08-1748, 2008 WL 4793734, *3 (M.D. Pa. Oct. 31, 2008) (Vanaskie, J.).

> A request for a travel document was submitted to the Embassy of Jamaica and ICE is currently working with the government of Jamaica in securing a travel document for your removal from the United States. There is no reason to believe at this time that your removal will not take place within the reasonably foreseeable future.

(*See id.*) The Decision informs Walker that he is permitted to bring forth evidence in the future to demonstrate why his removal is unlikely. (*See id.*) Further, the decision warns Walker that attempts to obstruct his removal may subject him to criminal prosecution. Specifically, the decision states:

> You are also advised that any willful failure or refusal on your part to make timely application <u>in good faith</u> for travel or other documents necessary for your departure, or any conspiracy or actions to prevent your removal or obstruct the issuance of a travel document, may subject you to criminal prosecution under 8 U.S.C. § 1253(a).

(*See id.* (emphasis in original).)

## II. Discussion

Walker asserts that his prolonged detention by ICE pending his removal from the United States has resulted in a violation of his right to due process under *Zadvydas* and that this Court should direct his release pending removal because there is no reasonable likelihood of removal in the foreseeable future.

Title 8 U.S.C. § 1231(a) gives the Attorney General ninety (90) days to remove an alien from the United States after an order of removal. During this ninety (90) day period, detention is mandatory. 8 U.S.C. § 1231(a). At the end of the ninety (90) day

6

period, ICE may continue to hold the alien, or it may grant supervised release. 8 U.S.C. §§ 1231(a)(3) & (6). The discretion to detain an alien under § 1231(a) is limited by the Fifth Amendment's Due Process clause. *See Zadvydas,* 533 U.S. at 693-94.

In *Zadvydas,* the United States Supreme Court interpreted § 1231(a)(6) to include "an implicit limitation" on detention. *Id.* at 689. The Court determined that "[§ 1231(a)(6)], read in light of the Constitution's demands, limits an alien's post-removal-period detention to a period reasonably necessary to bring about that alien's removal from the United States. It does not permit indefinite detention." *Id.* "[F]or the sake of uniform administration in the federal courts" the Court recognized six (6) months as a presumptively reasonable period of detention. *Id.* at 701. Further, the Court determined that, "once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." *Id.*

After *Zadvydas,* ICE enacted new regulations that established a custody review procedure. 8 C.F.R. § 241.13. The scope of those regulations is defined as follows:

> This section establishes special review procedures for those aliens who are subject to a final order of removal and are detained under the custody review procedures provided at § 241.4 after the expiration of the removal period, where the alien has provided good reason to believe there is no significant

> likelihood of removal to the country to which he or she was ordered removed ... in the reasonably foreseeable future.

8 C.F.R. § 241.13(a).

Section 241.13(d) allows an alien to make a written request for release to ICE's HQPDU, "asserting the basis for the alien's belief that there is no significant likelihood that the alien will be removed in the reasonably foreseeable future." 8 C.F.R. § 241.13(d)(1). The HQPDU must consider all the facts of the case, including the history of the alien's efforts to comply with the order of removal, history of the government's efforts, and the likelihood of removal in the reasonably foreseeable future. 8 C.F.R. § 241.13(f)-(g). Section 241.13(g) requires the HQPDU to issue a written decision regarding the likelihood of removal in the reasonably foreseeable future under the circumstances and to provide the alien with a copy of the decision. 8 C.F.R. § 241.13(g).

In the case at hand, Walker claims that he has been in ICE custody beyond the six (6) month presumptively reasonable period of detention recognized in *Zadvydas*. (*See* Rec. Doc. No. 1 at 3-5.) He asserts that his removal period began on May 15, 2009 when he was taken into ICE custody. (*See id.* at 4-5.) However, Walker's removal period did not begin until September 12, 2009 when his voluntary departure was converted to an administratively final order of removal. (*See* Rec. Doc. No. 6-2 at 11, Decision to Continue Detention.) Consequently, the presumptively reasonable period of detention did not expire until March 12, 2010, just one (1) day after the date on the petition (*see*

Rec. Doc. No. 1 at 10). *See Zadvydas*, 533 U.S. at 701.

In addition, Walker's claims that his right to procedural due process has been violated because he did not receive a proper review under section 241.4(I). (*See* Rec. Doc. No. 1 at 3, 8.) However, a review of the record reveals that there is no merit to his claim. Rather, Walker received the due process required by *Zadvydas* in that he received a custody review just after the presumptively reasonable six (6) month period expired. Immigration officials conducted the required post custody order review on March 10, 2010 and promptly issued a decision on March 15, 2010. (*See* Rec. Doc. No. 6-2 at 11.) The HQ POCR Checklist that was completed in conjunction with that review was signed by two reviewing officers in accordance with 8 C.F.R. § 241.4(i)(1). (*See id.* at 12.) To the extent Walker claims that the review was insufficient because he was not afforded a personal interview, an interview was not required in his circumstances. Rather, a personal interview only is required if the reviewing officials recommend the release of an alien and the HQPDU Director does not accept the recommendation. 8 C.F.R. § 241.4(i)(3)(i). Walker was found to be ineligible for release under 8 C.F.R. § 241.4(e) as explained in the Notice to Continue Detention. (*See* Rec. Doc. No. 6-2 at 11, Decision to Continue Detention.)

Walker asserts that there is no significant likelihood that he will be removed in the reasonably foreseeable future because the Jamaican Consulate had not responded to

9

requests by ICE for travel documents. (*See* Rec. Doc. No. 1 at 7.) Walker fails to provide any support for this claim, and the record does not show that any delay has been the result of inaction on the part of immigration officials. The Decision to Continue Detention and the HQ POCR Checklist show that ICE has been working with the government of Jamaica to secure a travel document for Walker's removal and that there was no reason to believe that his removal would not take place within the reasonably foreseeable future. (*See* Rec. Doc. No. 6-2 at 11-12.) If anything, it appears that any delay in Walker's removal proceedings is attributable to his family's submission of a fraudulent birth certificate. Moreover, the mere fact that Walker's removal has not yet occurred is insufficient to establish that it is not likely to occur in the reasonably foreseeable future. *See Abdelrahman v. BICE's Interim Field Office Director*, Civil No. 05-CV-1916, 2005 WL 3320841, at *2 (M.D. Pa. Dec.7, 2005) (Muir, J.) (noting that "the fundamental basis of [the petitioner's] argument appear[ed] to be that his removal [was] unlikely simply because it [had] not occurred to this point.").

Because Walker has not established that there is no significant likelihood that his removal will not occur in the reasonably foreseeable future, we must deny the instant petition. An appropriate Order follows.

    s/ James F. McClure, Jr.
JAMES F. McCLURE, JR.
United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

ANDREW WALKER, :
:
    Petitioner :
: CIVIL NO. 4:10-CV-0625
:
v. : (Judge McClure)
:
WARDEN CRAIG A. LOWE, :
:
    Respondent :

## **ORDER**

May 26, 2010

In accordance with the foregoing Memorandum, **IT IS HEREBY ORDERED THAT:**

1. The petition for writ of habeas corpus (Doc. 1) is **DENIED**.

2. The Clerk of Court is directed to **CLOSE** this case.

                                         s/ James F. McClure, Jr.
                                         JAMES F. McCLURE, JR.
                                         United States District Judge